UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

FILED BY____NA____D.C.
Sep 8, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

JEANNIE QUINTEROS, )
)
Plaintiff, )
) Case No: 23-cv-61731-AHS
)
v. )
) DEMAND FOR JURY
) TRIAL
CAPITAL VENTURES INTERNATIONAL, )
LLC, NICHOLAS LAMPARIELLO, JOSHUA )
CHRISTENSEN, NATIONAL HOME )
INVESTORS, MADISON MANAGEMENT, )
SERVICES, LLC, DOES 1-25 )
)
Defendant. )
)

## COMPLAINT

Plaintiff, Jeannie Quinteros, sue Defendants and allege as follows:

1. This action seeks to recover damages from Defendants for fraudulent and predatory practices when Defendants submitted and causing to be submitted false assignment of mortgages to the Recorder of Deeds and fraudulently modifying a loan documents Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN, NATIONAL HOME INVESTORS, LLC, and MADSION MANAGEMENT SERVICES, were not parties to.

2. Defendants engaged in a pattern of fraudulent conduct, including fraud in the inducement, fraud in the concealment in violation of Federal RICO, Florida RICO Act, Florida Deceptive and Unfair Trade Practices Act, violation of the Fair Debt Collection Act, equitable estoppel, promissory estoppel, unjust enrichment, and intentional

misrepresentation that caused Plaintiff emotional distress, and seeks a declaratory judgement, injunctive relief and for damages.

3. Defendants are not now - and have never been - a holder, non-holder, real party in interest, predecessor in interest or successor in interest, as outlined in Florida statute, when Defendants falsely claimed to be the owner and holder of a "note" secured by a mortgage at 1596 Salerno Circle Weston, FL 33327 ("subject property") and induced Plaintiff to enter into a loan modification agreement to modify the "note" Plaintiff was not a borrower or a party to.

4. Defendants falsely claimed they were and are the owner(s) of the "note", assignee(s) of the mortgage, and direct party to the loan modification agreement with right to enforce the "note" and mortgage and accelerate all payments due under the mortgage even though Defendants were never a holder, non-holder, real party in interest, predecessor in interest or successor in interest, as outlined in Florida statute.

5. Defendants' misrepresentations and concealment of material facts induced Plaintiff to enter into the loan modification agreement, resulting in damages to Plaintiff, including financial harm, damage to her financial security, and emotional distress.

6. Defendants are not licensed lenders pursuant to s. 494.00611 and are not registered as lenders under the State of Florida's Division of Consumer, Office of Finance Regulation

7. Plaintiff further alleges that Defendants' actions constitute intentional misrepresentation, intentional infliction of emotional distress, and unjust enrichment. Defendants knowingly and intentionally, recklessly made false representations, causing Plaintiff severe emotional distress, and detrimentally affecting her well-being.

8. Moreover, Plaintiff seeks declaratory judgment to determine the rights and obligations of the parties regarding the property and injunctive relief to prevent Defendants from continuing it's fraudulent scheme and claiming a lost note and attempting to fraudulently take ownership of Plaintiff's property during the pendency of this lawsuit.

9. Plaintiff requests a jury trial to seek appropriate damages, including compensatory damages, punitive damages, restitution, attorney's fees, and costs.

## THE PARTIES

   I. <u>Plaintiff</u>

   Plaintiff has interest in the subject property and resides in Washington, D.C.

   II. <u>Defendants</u>

10. Defendant CAPITAL VENTURES INTERNATIONAL, LLC, alleged lender has a principal office in Delaware and an inactive registration in the State of Florida with offices at 4670 W. Commercial Blvd., Tamarac, FL, 33319. Defendant is subject to this Court's personal jurisdiction pursuant to § 48.193.

11. Defendants NICHOLAS LAMPARIELLO, a licensed attorney, Florida Bar No: 107722, is the owner of CAPITAL VENTURES INTERNATIONAL, LLC, the alleged lender, ring leader, and agent of NATIONAL HOME INVESTORS, LLC, conspired with the other Defendants when it altered the Plaintiff's marital settlement agreement, an Order from the Court, to show that Plaintiff was the sole owner, and fraudulently induced Plaintiff into signing a loan modification agreement, drafted false assignments and allonges, filed and served it with Florida Courts and the Broward County Recorder of Deeds, reopened Plaintiff's closed divorce case of fourteen (14) years to demand the Court enforce her former spouse to quitclaim the deed to his property to the Plaintiff so that the Plaintiff is forced to quitclaim the deed to Defendant. Defendant has a principal address at 4670 W. Commercial Blvd., Tamarac, FL, 33319 in Broward County, Florida. He is subject to personal jurisdiction in pursuant to § 48.193.

12. Defendants JOSHUA CHRISTENSEN, Esq., a licensed attorney, Florida Bar No:115701, conspired with other Defendant when he intentionally and knowingly filed false assignment of mortgages, allonges and documents and served it in Florida Courts and the

Broward County Recorder of Deeds, reopened Plaintiff's closed divorce case of fourteen (14) years to demand the Court enforce Plaintiff former spouse to quitclaim the deed of his property to the Plaintiff so that the Plaintiff will be ordered by the Court to quitclaim the deed to Defendant. Defendants has a principal address at 4670 W. Commercial Blvd., Tamarac, FL, 33319 in Broward County, Florida. He is subject to personal jurisdiction in pursuant to § 48.193.

13. Defendants NATIONAL HOME INVESTORS, LLC, alleged lender, a California company, engaged in lending activities in the State of Florida and has an agent in the State of Florida with a principal address at 4670 W. Commercial Blvd., Tamarac, FL, 33319 in Broward County, Florida. He is subject to personal jurisdiction in pursuant to § 48.193.

14. Defendants MADSION MANAGEMENT SERVICES, LLC alleged servicer, a New Jersey based company, conduct and engaged in lending or servicing activities in the State of Florida

15. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued as Does 1 through 25, but believes they are in some way liable to Plaintiff or have claims related to the subject property. Plaintiff will amend the Complaint to include their true names and capacities when known.

16. All conditions precedent to this action have been performed, occurred, or waived.

17. Plaintiff further alleges that all Defendants, including the fictitiously named Defendants, are responsible for the injuries and damages alleged in this Complaint. Plaintiff further asserts that each Defendant acted as agents, employees, partners or joint-ventures of the other Defendants, within the scope of their agency, employment, or joint venture.

## JURISDICTION AND VENUE

This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves federal questions.

This Court has supplemental jurisdiction over the related state law claims pursuant to 28

U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in Broward County, FL and all the events giving rise to this action occurred in Florida. 28 U.S.C. § 1391(b).

## FACTUAL AND GENERAL ALLEGATIONS

18. This action pertains to the real property located at 1596 Salerno Circle, Weston, FL 33327 (referred to as the "Subject Property").
19. Each Defendant named in this complaint is alleged to have acted in concert with the other Defendants, whether as an employee, agent, co-conspirator, or member of a joint venture, and is therefore jointly and severally liable for the claims asserted herein.
20. Each Defendant has made false and fraudulent statements concerning the ownership of mortgage documents including but not limited to the assignment of mortgages, allonges, notes, loan modification agreements, pleadings filed in court, and settlement agreements (collectively referred to as "Mortgage Documents"). Defendant falsely claimed to be the holder, non-holder, real party in interest, predecessor in interest, or successor in interest, as per Florida statutes, when in reality, they are none of these
21. Plaintiff alleges that Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, and NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN, NATIONAL HOME INVESTORS, LLC, MADSION MANAGEMENT SERVICES, LLC and DOES 1 through 25, represented themselves as the owner and holder of the subject property's "note" and induced Plaintiff to enter into a loan modification agreement, when she was

not a borrower or party to the "note". Plaintiff contends that these representations are unequivocally false, as Defendants were not and are not the owner(s) and holder(s) of Plaintiff's "note" non-holder, real party in interest, predecessor in interest or successor in interest, as outlined in Florida statute, and have fraudulently doctored documents and created false assignments and claimed— after Plaintiff demanded evidence of ownership— to have lost the "note" in furtherance of their racketeering and predatory real estate schemes.

22. Defendants are not licensed lenders or registered as lenders in the State of Florida.

23. Defendants are not now - and have never been - in possession of the "note" to the subject property.

24. On November 13, 2014, Defendant NATIONAL HOME INVESTORS, LLC and attorney representative, Defendant NICHOLAS LAMPARIELLO purportedly assigned a lost "note" it was not in possession of to Defendant CAPITAL VENTURES INTERNATIONAL, LLC and its owner, Defendant NICHOLAS LAMPARIELLO.

25. On January 15, 2015, Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO and MADSION MANAGEMENT SERVICES, LLC represented themselves as the owner and holder of the subject property's "note" and induced Plaintiff to enter into a loan modification agreement, for which Plaintiff paid Defendants over $6,000.

26. Plaintiff asserts that Defendants CAPITAL VENTURES INTERNATIONAL, LLC and NICHOLAS LAMPARIELLO acted as a "lender" and created the fraudulent modification agreement to further their racketeering schemes.

27. Plaintiff contends that any applicable statutes of limitations have been tolled due to Defendants' ongoing concealment of the alleged wrongdoing. Plaintiff could not have discovered the truth until July 2023, despite exercising reasonable diligence.

28. Plaintiff asserts that Defendants knew or should have known that disclosing the truth would have deterred Plaintiff from entering into the loan modification agreement.

29. Plaintiff asserts that Defendants intended to induce Plaintiff through misrepresentations and fraudulent disclosures.
30. Plaintiff's reasonable reliance on Defendants' misrepresentations caused her harm. If the true terms of the transaction were disclosed, Plaintiff would have been alerted to potential issues and known about Defendants' true intentions and the adverse effects on the value of Plaintiff's property.
31. Defendants failure to disclose the non-ownership of the subject property's "note" led Plaintiff to enter into the loan modification.
32. Plaintiff seeks damages, including punitive damages, for intentional deceit and the unlawful encumbrance of Plaintiff's real property by Defendants.

## COUNT-I
### (FRAUD IN THE INDUCEMENT AND FRAUD IN THE CONCEALMENT)
(AGAINST ALL DEFENDANTS)

33. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein.
34. On January 12, 2015, Defendants CAPITAL VENTURES INTERNATIONAL, NICHOLAS LAMPARIELLO, NATIONAL HOME INVESTORS, LLC and MADSION MANAGEMENT SERVICES, LLC, falsely represented themselves as the holder of Plaintiff's subject property "note" and induced Plaintiff to enter into a loan modification agreement when Defendants presented a loan modification agreement alleging, she was the sole owner of the subject property based on her divorce agreement and that she needed to sign the agreement. Plaintiff claimed because they were the owners of "note", they can and will take her property if she does not agree to the modification agreement. Plaintiff paid Defendants over $6,000 to enter into the agreement.
35. Plaintiff further alleges that MADISON MANAGEMENT SERVICES, LLC acted as a disguised servicer of the fraudulent modification, concealing their true role in furtherance of racketeering schemes.

36. Defendants CAPITAL VENTURES INTERNATIONAL, LLC NICHOLAS LAMPARIELLO, and NATIONAL HOME INVESTORS, LLC and MADISON MANAGEMENT SERVICES, LLC, intentionally misrepresented their entitlement to accelerate all sums due under the mortgage when Defendants had no legal, equitable, or beneficial interest in the property.

37. Defendants falsely claimed to be the "holder and owner" of the "note" and mortgage deceiving Plaintiff. Defendants are not now - and have never been - a holder, non-holder, real party in interest, predecessor in interest or successor in interest, as outlined in Florida statute. This misrepresentation was made with the intention of initiating a fraudulent foreclosure process and profiting from the sale of the property.

38. On April 5, 2016, Defendants, JOSHUA CHRISTENSEN conspired with CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, AND NATIONAL HOME INVESTORS, LLC to submit or causing to be submitted fraudulent assignments of mortgages to the Recorder of Deeds.

39. On April 28, 2023, Defendants, JOSHUA CHRISTENSEN conspired with CAPITAL VENTURES INTERNATIONAL, LLC and NICHOLAS LAMPARIELLO, to reopen Plaintiff's divorce case to demand that the court issue and order forcing Plaintiff to quitclaim the deed to her subject property to the Defendant.

40. Defendants were aware of their misrepresentations and profited from them.

41. Plaintiff suffered damages, including financial hardship, emotional distress, and incurred costs and attorney's fees, as a direct result of Defendants' misrepresentations and concealment.

42. Defendants' actions demonstrate malice, fraud, warranting punitive damages to deter future misconduct.

43. The false and fraudulent statements of material fact and acts of fraudulent concealment include: (i) every assignment of mortgage(s), the allonge, the "note", the loan modification agreement, pleading filed in court, and the settlement agreement that the

Defendants were owners and holders of the "note" when in fact Defendants are not now - and have never been - a holder, non-holder, real party in interest, predecessor in interest or successor in interest, as outlined in Florida statute.

## COUNT-II
## VIOLATION OF FLORIDA RACKETEER INFLUENCED CORRUPT ORGANIZATION ACT (RICO)
(AGAINST ALL DEFENDANTS)

44. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein.

45. Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, NATIONAL HOME INVESTORS, LLC AND MADISON MANAGEMENT SERVICES has committed multiple offenses that are indictable under Florida law. For example,

46. On. October 28, 2014, Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, AND MADISON MANAGEMENT SERVICES created a false Assignment of Mortgage from Castle Peak 2010-1 Loan Trust to Defendant NATIONAL HOME INVESTORS, LLC, and backdated the Assignment of Mortgage to June 26, 2013, which allegedly assigned the mortgage and purported note. Defendant NICHOLAS LAMPARIELLO, conspired with Defendant NATIONAL HOME INVESTORS, LLC to create the false assignment of mortgage.

47. On October 28, 2014, Defendants NATIONAL HOME INVESTORS, LLC, conspired with Defendant NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC and filed a lost note affidavit alleging that it was in possession of the purported note when it was lost, even though Defendants were never in possession of the purported note.

48. On or about October 28, 2014, Defendants NATIONAL HOME INVESTORS, LLC, conspired with Defendant NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC filed and caused to be filed fraudulent assignment of mortgages that were backdated to June 26, 2013, with fictious witnesses with Broward County Recorder of Deeds.

49. On November 13, 2014, Defendants NATIONAL HOME INVESTORS, LLC conspired with CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO when it created a second false assignment of mortgage and allegedly assigned the mortgage and purported note to CAPITAL VENTURES INTERNATIONAL, LLC.

50. On November 13, 2014, 2014, Defendants NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC CAPITAL VENTURES INTERNATIONAL, LLC filed and caused to be filed fraudulent assignment of mortgages with fictious witnesses with Broward County Recorder of Deeds.

51. On January 8, 2015, Defendants NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC presented the Plaintiff with an altered martial settlement agreement from her closed divorce case, when Defendants presented Plaintiff with a loan modification and settlement agreement Defendants NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC falsely represented to her that they are the owner and holder of the purported note. Plaintiff relied on its representation when she paid NICHOLAS LAMPARIELLO, CAPITAL VENTURES INTERNATIONAL, LLC and MADISON MANAGEMENT SERVICES, LLC $6,548.

52. On April 5, 2016, Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported note.

53. On November 30, 2016, Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported lost note.
54. On January 7, 2022, Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported lost note.
55. On January 7, 2022, Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported lost note.
56. On April 28, 2023, Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses in Plaintiffs closed divorced case of fourteen (14) years that CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN reopened to intervene as a party alleging it was the owner and holder and successor in interest of a purported lost note and sought for the family court to compel Plaintiff to quitclaim the deed the subject property.
57. Defendant's conduct forms a pattern as per Fla. Stat. § 895.03.
58. Defendants participated in an enterprise affecting interstate commerce.
59. Plaintiff has suffered substantial losses as a direct result of this activity.

**COUNT-III**
**VIOLATION OF FEDERAL RACKETEER INFLUENCED CORRUPT ORGANIZATION ACT (RICO)**
(AGAINST ALL DEFENDANTS)

60. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein.

61. Defendants CAPITAL VENTURES INTERNATIONAL, LLC, a Delaware company, NICHOLAS LAMPARIELLO, NATIONAL HOME INVESTORS, LLC, a California Company AND MADISON MANAGEMENT SERVICES, LLC a New Jersey Company have committed multiple acts of mail and wire fraud by transmitting fraudulent Mortgage Documents across state lines.

62. On October 28, 2014, when Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, AND MADISON MANAGEMENT SERVICES, LLC created a false Assignment of Mortgage from Castle Peak 2010-1 Loan Trust to Defendant NATIONAL HOME INVESTORS, LLC, and backdated the Assignment of Mortgage to June 26, 2013, which allegedly assigned the mortgage and purported note. Defendant NICHOLAS LAMPARIELLO, conspired with Defendant NATIONAL HOME INVESTORS, LLC to create the false assignment of mortgage.

63. On October 28, 2014, when Defendants NATIONAL HOME INVESTORS, LLC, conspired with Defendant NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC and filed a lost note affidavit alleging that it was in possession of the purported note when it was lost, even though Defendants were never in possession of the purported note.

64. On or about October 28, 2014, when Defendants NATIONAL HOME INVESTORS, LLC, conspired with Defendant NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC filed and caused to be filed fraudulent assignment of mortgages that were backdated to June 26, 2013, with fictious witnesses with Broward County Recorder of Deeds.

65. On November 13, 2014, when Defendants NATIONAL HOME INVESTORS, LLC conspired with CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO when it created a second false assignment of mortgage and allegedly

assigned the mortgage and purported note to CAPITAL VENTURES INTERNATIONAL, LLC.

66. On November 13, 2014, 2014, when Defendants NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC CAPITAL VENTURES INTERNATIONAL, LLC filed and caused to be filed fraudulent assignment of mortgages with fictious witnesses with Broward County Recorder of Deeds.

67. On January 8, 2015, Defendants when NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC presented the Plaintiff with an altered martial settlement agreement from her closed divorce case, when Defendants presented Plaintiff with a loan modification and settlement agreement Defendants NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC falsely represented to her that they are the owner and holder of the purported note. Plaintiff relied on its representation when she paid NICHOLAS LAMPARIELLO, CAPITAL VENTURES INTERNATIONAL, LLC and MADISON MANAGEMENT SERVICES, LLC $6,548.

68. On April 5, 2016, Defendants when CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported note.

69. On November 30, 2016, Defendants when CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported lost note.

70. On January 7, 2022, when Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported lost note.

71. On January 7, 2022, when Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses alleging it was the owner and holder of a purported lost note.

72. On April 28, 2023, when Defendants CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN filed fraudulent mortgage documents with fictious witnesses in Plaintiffs closed divorced case of fourteen (14) years that CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, JOSHUA CHRISTENSEN reopened to intervene as a party alleging it was the owner and holder and successor in interest of a purported lost note and sought for the family court to compel Plaintiff to quitclaim the deed to the subject property.

73. These predicate acts show a pattern of racketeering activity over an extended period.

74. Defendants acted as part of an enterprise.

75. As a result, Plaintiff has suffered financial losses and emotional distress.

## COUNT-IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
(AGAINST ALL DEFENDANTS)

76. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein.

77. Defendants falsely represented the status of the debt and their authority to collect when it filed and fraudulent documents alleging to be owner or holder of a debt.

78. Defendants has used deceptive means to collect or attempt to collect debts from the Plaintiff when it filed and caused to filed fraudulent mortgage documents with the Broward County Recorder of Deeds and re-opened the Plaintiffs closed divorced case to harass Plaintiff to quitclaim deed her interest to the subject property to the Defendants.

79. These actions have caused Plaintiff emotional distress and financial harm.

## COUNT-V

**VIOLATION OF VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)**
(AGAINST DEFENDANTS NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, AND NICHOLAS LAMPARIELLO AND JOSHUA CHRISTENSEN)

80. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein.

81. Defendants engaged in a deceptive act by misrepresenting their legal status in relation to the Mortgage Documents. This conduct has a broad impact on consumers at large.

82. Plaintiff has suffered actual damages, including financial loss and emotional distress.

## COUNT-VI

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(AGAINST DEFENDANTS NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, AND NICHOLAS LAMPARIELLO AND JOSHUA CHRISTENSEN)

83. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein.

84. Defendants knowingly engaged in fraudulent behavior that is outrageous or extreme for example when:

85. Defendants NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, AND NICHOLAS LAMPARIELLO AND JOSHUA CHRISTENSEN created fraudulent assignment of mortgages, allonges, loan modification agreements fictious witnesses and filed or caused to be filed in the fraudulent mortgage document in Broward County Recorder of Deeds even though Defendants have never been - a holder, non-holder, real party in interest, predecessor in interest or successor in interest, as outlined in Florida statute.

86. Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO JOSHUA CHRISTENSEN re-opened the Plaintiffs closed divorced case to be added as party when it filed and caused to filed fraudulent mortgage documents to force Plaintiff to quitclaim her interest to the subject property to the Defendants.

87. Defendants acted with the intent to cause Plaintiff emotional distress.
88. Plaintiff has suffered severe emotional distress as a result.

## COUNT-VII
## INJUNCTIVE RELIEF
(AGAINST DEFENDANTS CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO AND JOSHUA CHRISTENSEN)

89. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein.
90. The Plaintiff is currently and will continue to suffer immediate and irreparable harm unless Defendants are enjoined from its present course of conduct, specifically from fraudulently misrepresenting its status in relation to Mortgage Documents and attempting to unlawfully possess the Plaintiff's home and demanding that Defendants be included as a party to her closed divorce case of fourteen (14) years.
91. Plaintiff asserts that she has no adequate remedy at law. Monetary damages alone cannot adequately compensate Plaintiff for the loss of her home, the disruption of her life, and the ongoing emotional distress she suffers.
92. Plaintiff is likely to succeed on the merits of their claims. The elements of fraud, misrepresentation, and violations of both federal and Florida state law have been sufficiently alleged.
93. The balance of equities tips in favor of Plaintiff. The Defendant will not be significantly harmed by being enjoined from further fraudulent activity. On the other hand, Plaintiff faces the loss of her home, continued harassment by Defendants reopening Plaintiff closed divorce case to be included as a party and continued emotional distress.
94. Granting injunctive relief would serve the public interest. Halting the Defendant's fraudulent activities will protect not only Plaintiff but also potentially other consumers who may be targeted in the same or similar schemes.

95. Plaintiff specifically seeks:
96. To halt the Defendant's current and future fraudulent activities, specifically any actions attempting to force a court to add Plaintiff as a party to a closed divorce case, forcing Plaintiff into quitclaiming the deed or taking possession of her home.
97. To compel the Defendants to adhere to all relevant state and federal laws concerning debt collection and mortgage lending.
98. To prohibit the Defendants from reopening closed family or civil cases for the purpose of obtaining judgments or orders that benefit them at the Plaintiff's expense.

## COUNT-VIII
## DECLARATORY JUDGMENT
(AGAINST DEFENDANTS CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO AND JOSHUA CHRISTENSEN)

99. Plaintiff re-alleges and incorporate by reference all preceding paragraphs though fully set forth herein
100. There is an actual controversy regarding the legal status and rights concerning the Mortgage Documents.
101. Plaintiff seeks a declaration of the parties' respective rights and responsibilities to resolve uncertainty and prevent future disputes.

## DEMAND FOR JURY TRIAL

102. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages, punitive damages, injunctive relief, declaratory judgment, costs of suit, and such other and further relief as the Court may deem just and proper.

DATED: September 8, 2023

Respectfully submitted:

_____
Jeannie Quinteros, pro se

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing has been forwarded, via mail, to Joshua Christensen, Esq., Lampariello Law Group, co-counsel for Plaintiff, 4670 W. Commercial Blvd., Tamarac, FL, 33319, on this 8th day of September 2023.

By: _____

Jeannie Quinteros, pro se
717 D St NW Ste 300
Washington, DC 20004